**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JEREMIAH REDSTONE, M.D., as an authorized representative and attorney-in-fact of his patient D.R., and WAYNE LEE, M.D., as an authorized representative and attorney-in-fact of his patient C.F., on behalf of themselves and on behalf of all others similarly situated, )<br><br>    *Plaintiffs,*<br><br>v.<br><br>AETNA, INC. and AETNA LIFE INSURANCE COMPANY,<br><br>    *Defendants.* | No.: 2:21-cv-19434-JXN-JBC<br><br>**[PROPOSED] NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants respectfully request leave to submit this Notice of Supplemental Authority in further support of Defendants' Motion to Dismiss (DE 17).

The following is pertinent to Defendants' Supplemental Memorandum of Law (DE 34) filed pursuant to the Court's Letter Order (DE 31), pages 4–5:

On May 30, 2024, two days after Defendants submitted their Supplemental Memorandum of law, Judge Quraishi issued the enclosed opinion in *Lipani v. Aetna Life Insurance Company*, No. 22-02634-ZNQ-DEA (D.N.J. May 30, 2024). *See* Exhibit A attached hereto. In *Lipani*, as in this case, a medical provider sought to bring claims on behalf of a patient pursuant to a purported power of attorney. Judge Quraishi examined this purported power of attorney and concluded that it could not establish Article III standing at the motion to dismiss stage. *See id.* at 8.

Judge Quraishi held that a medical provider may only use a purported power of attorney to circumvent a valid anti-assignment provision in "appropriate circumstances," such as where "patients must rely on their agents when they anticipate even short-term incapacitation after medical procedures, and where those who anticipate longer-term unavailability, like deployed service member or those suffering from progressive conditions, depend on their designated agents to handle their medical claims and other affairs in their absence." *Id.* at 8 (quoting *Am. Orthopedic & Sports Med. v. Independence Blue Cross Blue Shield*, 890 F.3d 445, 455 (3d Cir. 2018)).

Judge Quraishi's opinion further supports Defendants' Motion to dismiss (DE 17) because, as in *Lipani*, there are no circumstances in this case to suggest that D.R. and C.F. are unable to bring their own claims on their own behalf. Rather, the purported powers of attorney that Plaintiffs rely upon are merely thinly-veiled assignments barred by the clear terms of the benefit plans.

Dated: June 4, 2024.

*/s/ Mariellen Dugan*
Mariellen Dugan
**CALCAGNI & KANEFSKY, LLP**
1085 Raymond Boulevard, Floor 14
Newark, NJ 07102
MDugan@ck-litigation.com

2

Brian H. Benjet *(admitted pro hac vice)*   Ardith Bronson *(admitted pro hac vice)*
**DLA PIPER LLP (US)**                        **DLA PIPER LLP (US)**
One Liberty Place                            200 South Biscayne Blvd.
1650 Market Street, Suite 5000               Suite 2500
Philadelphia, PA 19103                       Miami, Florida 33131
T: (215) 656-3311                            T: (305) 423-8562
F: (215) 606-2044                            F: (305) 503-9583
brian.benjet@dlapiper.com                    ardith.bronson@dlapiper.com

*Attorneys for Defendants Aetna Inc. and Aetna Life Insurance Company*